UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Diane Nuse,<br>Plaintiff,<br><br>v.<br><br>The Boeing Company,<br>Defendant. | CASE NO.: 2:24-cv-3842-DCN-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et. seq.*, and on the basis of sex (female), Title VII of the US Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination, sex/gender discrimination, and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notice of the Right to Sue was received from EEOC on or about April 16, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The Plaintiff, Diane Nuse, is a citizen and resident of Clarendon County, South Carolina.

6. The Defendant, The Boeing Company, is upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The Defendant is a "person" within the meaning of the Family and Medical Leave Act ("FMLA").

10. The Defendant is a "person" within the meaning of the American with Disabilities Act ("ADA").

11. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

12. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §101(5) (a) of the ADA U.S.C. §12111 (5) (A).

13. The Defendant employs fifty (50) or more employees and are an "employer" within the meaning of the FMLA.

14. The Plaintiff is entitled to the protections of the Family and Medical Leave Act (FMLA) on account of her own serious health condition, as well as her need for and use of medical leave protected by the act.

15. The Defendant is an industry that affects commerce within the meaning of the Title VII, FMLA, and the Americans with Disabilities Act.

16. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

17. On or about January 18, 2013, Plaintiff began working for the Defendant as an Assembler. Most recently Plaintiff was working as a Group Coordinator. At all times, the Plaintiff was efficient and effective in her work.

18. Upon hire with Defendant, Plaintiff informed them of her medical conditions, and her need for intermittent FMLA leave.

19. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff is an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

20. During Plaintiff's employment with Defendant, she was subjected to harassment and discrimination based on her sex/gender and her disability.

21. Plaintiff was passed over for promotions, and a much less experienced male co-worker, Bryan Norman, was given a promotion. Another example is, a similarly situated male Group Coordinator, Ryan White, who had no experience, was promoted over Plaintiff.

22. Additionally, similarly experienced male Group Coordinators were paid more than Plaintiff for the same work.

23. Plaintiff was further discriminated against when she was written up for safety procedure violations, when similarly situated male Group Coordinators had committed the same violation, but they did not get written up, only Plaintiff did.

24. Defendant refused to accommodate Plaintiff's request for a schedule change as well as to move from a desk to a more sufficient area to accommodate her disabilities.

25. Plaintiff reported the discrimination and harassment to Human Resources, who referred her to Ethics. Plaintiff contacted Ethics and again reported the discrimination and harassment, but nothing was done.

26. Plaintiff was given intermetal FMLA leave for her condition, but when she recertified leave for 2023, she was terminated.

27. Plaintiff was terminated on or about June 18, 2023, in retaliation for her reports.

28. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

29. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employment, and who requested reasonable accommodations.

30. The Plaintiff asserts that the reasons given for her termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on her disability, sex/gender, and use of FMLA leave.

31. As a direct and proximate result of Defendant's discrimination on the basis of disability, sex/gender discrimination, and FMLA leave Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

32. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

33. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

34. Plaintiff informed Defendant of her disability and required accommodations. Plaintiff requested accommodations and periodic medical leave due to her disability. Defendant denied Plaintiff's request for accommodations and terminated Plaintiff's position and caused her to lose pay and benefits, including but not limited to health benefits, in retaliation for her medical disability.

35. Defendant, its agents and employees, without just cause refused to provide accommodations to Plaintiff due to her medical disability and continues to refuse to employ Plaintiff forcing her to lose pay and all of her benefits in violation of the Americans with Disabilities Act.

36. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

37. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

38. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act

39. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

40. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

41. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

42. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

43. Despite being a person with a disability, the Plaintiff can perform the essential functions of her job.

44. Defendant denied Plaintiff's request for reasonable accommodations and has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

45. Based on Plaintiff's disability and request for accommodations, Defendant retaliated against the Plaintiff in her employment, in violation of the Act.

46. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Family and Medical Leave Act

47. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

48. The Plaintiff is informed and believes that upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and Defendant's discipline against Plaintiff and discharge of her employment as a result of her having requested such leave is a violation of her rights under said statute.

49. The Plaintiff had to take leave because of a serious medical condition – PTSD, anxiety, Rheumatoid Arthritis, and Fibromyalgia – and these are serious medical conditions as defined by the Act.

50. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

51. The Defendant's discipline against Plaintiff and discharge of Plaintiff following her notification of her medical condition and request for medical leave constituted a violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

52. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

53. Accordingly, Plaintiff is informed and believes that she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with prejudgment interest thereon, as well as liquidated damages, punitive damages and her reasonable attorney's fees and costs for the bringing of this action.

## FOR A THIRD CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII

54. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

55. At all times the Plaintiff was performing her job satisfactorily.

56. The Plaintiff is a member of a protected group on the basis of her sex and gender.

57. The Plaintiff was discriminated against and denied equal pay due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

58. Similarly situated male employees received preferential treatment by being able to make safety violations without the repercussions to which the Plaintiff was subjected, due to her sex and gender.

59. The Plaintiff engaged in a protected activity by reporting the Defendant's unlawful employment practices and filing a charge with the EEOC.

60. The aforesaid harassment to which the Plaintiff was subjected was permitted to continue by the Defendant, despite knowledge that it was occurring.

61. The Defendant were wanton, reckless, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ the Plaintiff due to her sex and gender; and

   b. In discharging the Plaintiff due to her sex and gender as a result of her opposing the Defendant's unlawful employment practices and for filing reports of the discrimination with the EEOC.

62. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), by allowing the sex and/or gender discrimination and preferential treatment, and retaliation to exist in the workplace.

63. That in failing to protect the Plaintiff from sex and/or gender discrimination, harassment and retaliation or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and Equal Employment Opportunity Commission.

64. As a direct and proximate result of the Defendant's discrimination on the basis of sex and/or gender, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

65. The Defendant's employment discrimination and discharge of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

66. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

## FOR A FOURTH CAUSE OF ACTION
### Retaliation

67. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

68. That as alleged above, Plaintiff informed the Defendant of her disability and requested accommodations, as well as Plaintiff complaining to the Defendant of the sex/gender discrimination.

69. That Plaintiff's complaints were made in good faith and constituted protected activity under §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.*, and violations of Title VII for sex/gender discrimination.

70. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

71. The Plaintiff's request for accommodations, use of FMLA leave, and sex/gender discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's request for accommodations, use of FMLA leave, and complaints of sex/gender discrimination she would not have been terminated.

72. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

73. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*. and violations of Title VII for sex/gender discrimination.

74. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*. and violations of Title VII for sex/gender discrimination.

75. The Defendant violated §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-5 and violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*. and the Equal Employment Opportunity Act by allowing retaliation to exist in the workplace.

76. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

77. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
July 3, 2024